USDC- GREENBELT
'24 MAR 7 AM 10:26

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JAMES J. DORSEY,<br><br>          Plaintiff,<br><br>v.<br><br>PRINCE GEORGE'S COUNTY OFFICE<br>OF THE STATE'S ATTORNEY, *et al.,*<br><br>          Defendants. | )<br>)<br>)<br>)<br>)     Civil Action No.: 24-cv-0505-LKG<br>)<br>)     Dated: March 6, 2024<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM

On February 16, 2024, plaintiff James Dorsey, who is currently housed at Prince George's County Correctional Facility, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that State's Attorney Aisha Braveboy, Assistant State's Attorney Monica Meyers, and the Prince George's County Office of the State's Attorney violated his constitutional rights. ECF No. 1. He also moved to proceed in forma pauperis. ECF No. 2. Dorsey's motion to proceed in forma pauperis shall be granted; however, the complaint shall be dismissed for the reasons stated in this memorandum.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of this complaint and to dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020). In doing so here, the Court gives the Amended Complaint a liberal reading, construing all facts as true and in the light most favorable to Dorsey. *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Dorsey's Complaint states that on January 8, 2020, he turned himself in to authorities for the alleged murder of his wife, Nika Dorsey. ECF No. 1 at 3. Prior to his surrender, he states that the Price George's County Police Department "activated the cell site simulator on defendant's phone without a warrant or exigent circumstances or court order." ECF No. 1-1 at 1.

He states than an indictment was issued on March 5, 2020. *Id.* He states that he requested a transcript of the grand jury proceedings, which he received and read. *Id.* at 1-2. Thereafter, he filed a series of motions to which the "prosecutors have not responded nor has the state." *Id.* at 2. He states that the transcripts of the grand jury proceedings reveal multiple issues with the proceedings. *Id.* He states that he had filed motions to dismiss the indictment, and one such motion was "ruled moot with a backdated document" and "the state prosecutors had no answer for who signed the document." *Id.* at 2-3. He states that he "filed the dismissal again with a motion for new trial," but the docket entries were changed in an "effort to cover the forged false indictment." *Id.* at 3. He concludes that "these actions of backdating, falsifying, obstruction of justice" are violating his constitutional rights in an "insidious manner." *Id.* As relief, he seeks three million dollars in "compensatory, punitive, and nominal damages." ECF No. 1 at 7.

A civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Two of the named Defendants in this matter are state prosecutors: State's Attorney Aisha Braveboy, and Assistant State's Attorney Monica Meyers. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S.

259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122
F.3d 211 (4th Cir. 1997).

Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a
prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S.
478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The Court must use a "functional
approach" to "determine whether a particular act is 'intimately associated with the judicial
phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit recently
stated in *Nero*, 890 F.3d at 118: "A prosecutor acts as an advocate when she professionally
evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest
warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a
probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S.
at 431." The decisions as to whether, when, and how to prosecute pertain to the role of advocate.
Therefore, on the face of the suit, the prosecutorial defendants in the instant case enjoy absolute
immunity. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). Thus, a claim pursuant to
§ 1983 cannot be maintained against these Defendants and must be dismissed.

Additionally, claims against the Office of the State's Attorney for Prince George's
County cannot proceed. Under the Eleventh Amendment to the United States Constitution, a
state, its agencies, and departments are immune from suits in federal court brought by its citizens
or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v.
Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit
in which the State or one of its agencies or departments is named as the defendant is proscribed
by the Eleventh Amendment." *Id.*, citing *Florida Department of Health v. Florida Nursing
Home Assn.*, 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its
sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State
Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in
federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it
may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original).
Therefore, claims against the Office of the State's Attorney for Prince George's County must be
dismissed.

Finally, the Court notes that Dorsey seeks relief pursuant to 42 U.S.C. § 1983. Dorsey's
Complaint alleges wrongs which occurred during his criminal prosecution. Dorsey's Complaint

implies that he is still awaiting trial, but it is not clear if that is the case.  To the extent Dorsey's criminal charges remain unadjudicated, this Court may not grant relief that "would interfere with '(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.'" *United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013) (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008)); *see also Younger v. Harris*, 401 U.S. 37, 41 (1971).  This Court will not interfere with Dorsey's pending state criminal case. *See United States v. South Carolina*, 720 F.3d at 527.  For this additional reason, his case cannot proceed.

     A separate Order follows.

March 6, 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge

4